■ PAULETTE KOGUT, an Infant, by JOHN KOGUT, Her Guardian ad Litem, et al., Respondents, v. CITY OF BUFFALO, Defendant-Appellant and Third-Party Plaintiff. STANLEY Z. CZARNIK, Third-Party Defendant.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Erie Trial Term, for plaintiffs in an action for damages for personal injuries alleged to have been sustained by reason of obstruction in a sidewalk.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ PAULETTE KOGUT, an Infant, by JOHN KOGUT, Her Guardian ad Litem, et al., Plaintiffs, v. CITY OF BUFFALO, Defendant and Third-Party Plaintiff-Appellant. STANLEY Z. CZARNIK, Third-Party Defendant-Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: The trial court erred in dismissing the third-party complaint of appellant. The basic cause of action against the city was submitted to the jury upon two theories. The first was that the city was guilty of negligence in that it had created the hazard by the work done in 1947 upon the water box by its employees. The second theory was that the city might be found negligent for permitting the condition to exist in the sidewalk from 1947 to the date of the accident in 1956. Thus, the city could have been found liable for either active or passive negligence. It follows that if the verdict had been based upon a finding of only passive negligence the city was entitled to have the jury pass upon its third-party complaint against respondent. There is no clear evidence in the record that the water box was raised above the sidewalk level in 1947 by the city. The scant evidence is to the contrary. All of this should be passed upon by a jury. The third-party complaint should not have been dismissed on the ground that the title to the property was in respondent and his wife and the latter was not a third-party defendant. If it had been decided that the wife was an indispensable party the court should have ordered her brought in as a third-party defendant. (Civ. Prac. Act, § 193, subd. 2.) The action should not have been defeated upon a finding of nonjoinder (Civ. Prac. Act, § 192). All concur. (Appeal from a judgment of Erie Trial Term dismissing the third-party complaint on the merits on motion made by defendant Czarnik at the close of plaintiffs' case, decision on which motion was reserved until during defendant's case.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ PAUL F. BURKE, as Commissioner of Social Welfare of Erie County, Respondent, v. THOMAS TAGGERT, Appellant.— Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order of Erie County Children's Court directing defendant to contribute toward the support of the child of complainant, in a filiation proceeding.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.

■ LOUIS ECKERLIN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 34537.) — Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of the Court of Claims dismissing a claim for damages for injuries alleged to have been sustained by reason of negligent condition of State highway.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.

■ RUTH ECKERLIN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 34538.) — Same decision and like cause of action as in companion case of Eckerlin v. State of New York (9 A D 2d 717).